STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

November 1, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LARRY MANO,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0146** (BOR Appeal No. 2046286)
                        (Claim No. 990034546)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**UNION CARBIDE CORPORATION,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Larry Mano, by Robert Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by David Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 13, 2012, in which the Board affirmed a July 20, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 26, 2009, decision which granted Mr. Mano no additional permanent partial disability award for occupational pneumoconiosis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Mano worked for over thirty years for Union Carbide. He received a previous 10% permanent partial disability for occupational pneumoconiosis. On June 16, 2009, the Occupational Pneumoconiosis Board found sufficient evidence to justify a diagnosis of occupational pneumoconiosis with no more than 10% of Mr. Mano's pulmonary impairment attributable to occupational pneumoconiosis. It also noted that there appeared to be bullous emphysema involving both upper lungs, and essentially no change from the May 6, 2004, study. On August 26, 2009, the claims administrator granted no additional permanent partial disability award over the previous 10% award.

The Office of Judges affirmed the claims administrator's decision, and held that a preponderance of the evidence did not establish that Mr. Mano was entitled to an additional permanent partial disability award for occupational pneumoconiosis. On appeal, Mr. Mano argues that the evidence establishes that he is entitled to an additional 5% permanent partial disability award based on Dr. Apostolon's report. The West Virginia Office of Insurance Commissioner maintains that the 10% permanent partial disability award fully compensates Mr. Mano for his impairment attributable to occupational pneumoconiosis. Dr. Apostolon found that Mr. Mano has 15% impairment due to occupational pneumoconiosis, and noted that Mr. Mano had a twenty-four pack/year smoking history. Dr. Kinder from the Occupational Pneumoconiosis Board testified that although Mr. Mano had 25% pulmonary impairment, only 10% was attributable to occupational pneumoconiosis. He opined that the majority of the impairment was due to the forty-five pack/year smoking history, and noted that Dr. Apostolon found a significantly less smoking history.

The Office of Judges found that the Occupational Pneumoconiosis Board's findings were not clearly wrong, and concluded that Mr. Mano had only 10% impairment attributable to occupational pneumoconiosis. It noted that Mr. Mano had a forty-five pack/year smoking history. The preponderance of the evidence does not establish that Mr. Mano is entitled to an increased permanent partial disability award for occupational pneumoconiosis. The Board of Review reached the same reasoned conclusions in its decision of January 13, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 1, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II